UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGJUAN DONNELL LINDSEY,<br><br>        Plaintiff,<br><br>     v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01078-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE<br><br>ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE |

    Regjuan Donnell Lindsey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On August 21, 2023, the Court screened Plaintiff's complaint and found that Plaintiff fails to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to either 1) file an amended complaint or 2) file a written notice stating that he wants to stand on this complaint and have it reviewed by a district judge. (*Id.*, p. 11). The Court's screening order also stated that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*)

    Plaintiff has not yet filed either an amended complaint or a notice indicating that he wishes to stand on his complaint, and the time to do so has passed. Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case and to comply with a Court order.

1

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id.* Plaintiff has failed to file an amended complaint or notice or otherwise comply with the Court's order. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file to file an amended complaint or notice that is causing delay and preventing this case from progressing. The Court is unable to proceed in this case without an amended complaint or Plaintiff's notice that he wishes to stand on his complaint, and the case cannot proceed without Plaintiff. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest

possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk's Office assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **October 11, 2023**              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE

3