UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGJUAN DONNELL LINDSEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:23-cv-01078-NODJ-EPG (PC)<br><br>ORDER VACATING PREVIOUS FINDINGS AND RECOMMENDATIONS (ECF No. 12) AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITH PREJUDICE<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

　　　　Regjuan Donnell Lindsey is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff generally alleges that correctional officers used excessive force against him when Plaintiff refused to stand. (ECF No. 13 at 3).

　　　　Now that Plaintiff has filed a First Amended Complaint, the Court vacates its previous Findings and Recommendations, which recommended dismissing the case without prejudice for failing to prosecute, and instead, recommends that the case be dismissed with prejudice for failure to state a claim. Plaintiff has **14 days** from the date of service of these Findings and Recommendations to file his objections.

**I.　　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

1   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3   that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
4   § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 9), the
5   Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or
6   any portion thereof, that may have been paid, the court shall dismiss the case at any time if the
7   court determines that the action or appeal fails to state a claim upon which relief may be
8   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

9   　　　　A complaint is required to contain "a short and plain statement of the claim showing
10  that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
12  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
13  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
15  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting
16  this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are
17  not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,
18  681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's
19  legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

20  　　　　Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
21  pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
22  *pro se* complaints should continue to be liberally construed after *Iqbal*).

23  **II.    BACKGROUND**

24  　　　　Plaintiff filed the complaint commencing this action on May 22, 2023. (ECF No. 1).
25  Plaintiff alleged that around April of 2023, correctional officers used excessive force against
26  him when he refused to stand. (*Id.* at 3). Plaintiff was in handcuffs at the time, being escorted
27  back from medical, where he was examined for injuries. (*Id.*)
28

The Court screened his complaint on August 21, 2023, and found that it failed to state any cognizable claims. (ECF No. 10). The Court provided the legal standards for an excessive force claim and analysis of Plaintiff's complaint under those standards. (*Id.* at 3–5.) The Court found that Plaintiff's complaint failed to state a cognizable constitutional claim, explaining:

> Plaintiff provides very little information about what happened and why. Plaintiff's description of what happened, even if true, would not indicate that the officers acted maliciously or sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. Plaintiff himself states that he refused to stand. It is not clear from this description if the Officers were trying to make Plaintiff comply with an order. Plaintiff also does not describe whether he was injured at all.

(*Id.* at 4–5).

The Court gave Plaintiff thirty days to either (1) file an amended complaint attempting to cure the deficiencies identified in the screening order; or (2) notify the Court in writing that he wishes to stand by the complaint as written. (*Id.* at 6).

Plaintiff did not do either, and on October 11, 2023, the Court issued Findings and Recommendations to dismiss this case without prejudice for failure to comply with Court's Order and prosecute. (ECF No. 12).

A few weeks later, on October 27, 2023, Plaintiff filed First Amended Complaint. (ECF No. 13). Accordingly, the Court will vacate its previous Findings and Recommendations (ECF No. 12), screen the First Amended Complaint (ECF No. 13), and issue new Findings and Recommendations.

### III.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff names as defendants two correctional officers (C/O) at Corcoran State Prison, Barajas[1] and Garcia. (ECF No. 13 at 3). Plaintiff briefly alleges that he was handcuffed as Barajas and Garcia told him to stand, which he refused. (*Id.*) Because he was not a threat, Plaintiff feels they used excessive force against him, as they both slammed him and Barajas put

---

[1] Plaintiff uses "Barjas" (ECF No. 1 at 2), "Bajaras" (ECF No. 1 at 3; ECF No. 13 at 1, 2), and "Barajas" (ECF No. 13 at 3). All appear to refer to the same Defendant.

his knee on his neck and Garcia put his knee and weight on his back, making it difficult for Plaintiff to breathe. (*Id.*)

## IV. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."

*Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Excessive Force

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In analyzing an excessive force claim, courts consider the following factors: the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *See id.* at 7.

Plaintiff's allegations, even if true, do not constitute a violation of the Eighth Amendment. Although Plaintiff alleges that correctional officers slammed him to the floor and put their knees on his neck and back (ECF No. 13 at 3), he does not allege any facts indicating that the force was used maliciously and sadistically to cause him harm rather than in a good faith effort to maintain or restore discipline. Indeed, Plaintiff himself alleges that he refused an order to stand. (*Id.*) Plaintiff does not allege anything the officers did or said that indicated they were using force in a malicious and sadistic way. Additionally, looking to the amount of force used and extent of injury suffered, Plaintiff does not allege any injuries that resulted from this use of force.

Although the Court identified these pleading deficiencies in its original screening order (ECF No. 10 at 4–5), Plaintiff's First Amended Complaint does not add any further allegations regarding the reasons correctional officers used that force or how he was injured by the force.

**V.    CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable federal claim against any Defendant. The Court also finds further leave to amend this claim is not warranted. In its screening order, the Court explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and granted Plaintiff an opportunity to amend his complaint. Nevertheless, Plaintiff still failed to allege any plausible claim. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal").

Accordingly, it is **ORDERED**:

The Court's Findings and Recommendations to dismiss the case without prejudice for failure to comply with court orders and prosecute (ECF No. 12) are VACATED.

It is further **RECOMMENDED**:

1. Plaintiff's First Amended Complaint (ECF No. 13) be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §1915(e)(2)(B)(ii); and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 21, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE